J1MAARICP                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          17 CR 684 (ER)

EMANUEL RICHARDSON,

                Defendant.

------------------------------x

                                        New York, N.Y.
                                        January 22, 2019
                                        11:00 a.m.


Before:

                    HON. EDGARDO RAMOS,

                                        District Judge


                        APPEARANCES

GEOFFREY S. BERMAN
      United States Attorney for the
      Southern District of New York
ROBERT L. BOONE
ELI J. MARK
      Assistant United States Attorney

CRAIG J. MORDOCK
      Attorney for Defendant Richardson

SOUTHERN DISTRICT REPORTERS, P.C.
            (212) 805-0300

J1MAARICP                    Plea

(Case called)

MR. BOONE:  Robert Boone and Eli Mark, for the government.

THE COURT:  Morning.

MR. MORDOCK:  Craig Mordock, on behalf of Book Richardson or Emanuel Richardson.

THE COURT:  Good morning to you all.

Mr. Boone, what are we doing this morning?

MR. BOONE:  Your Honor, the defendant's counsel has informed us that the defendant would like to plead guilty today.

THE COURT:  Mr. Mordock?

MR. MORDOCK:  Yes, your Honor.  We've agreed to a change of plea pursuant to the plea deal with the government. Mr. Richardson would change his plea of not guilty to a plea of guilty of one count of 18 U.S.C. 666, Federal Funds Bribery.

THE COURT:  Thank you.

Mr. Richardson, your attorney has informed me that you wish to enter a plea of guilty.  I am happy to take your plea. However, before I do that I need to ask you a series of questions.  Essentially, I am trying to determine in the fist instance that you understand what is going on here today and the consequences of pleading guilty.  And the other thing that I am trying to determine, very large picture, is whether you are in fact guilty of the crimes to which you wish to plead

guilty.  In order to do that I need to ask you a series of questions.  It is vitally important that you be absolutely truthful, so you are going to be placed under oath.

(Defendant Emanuel Richardson sworn)

THE COURT:  Sir, you may be seated.  Again, you may remain seated throughout the remainder of the proceeding.

Mr. Richardson, you are now under oath.  Do you understand that if you answer any of my questions falsely your answers could be used against you in a prosecution for perjury or for making a false statement.

THE DEFENDANT:  Yes.

THE COURT:  As I ask you these questions and if I ask you a question and you don't understand it, please let me know that and I'll rephrase it or if I ask you a question and you wish to speak with your attorney before you answer it, just let me know that and I'll give you that opportunity.  OK?

THE DEFENDANT:  Yes.

THE COURT:  We are going to start with some background questions.

Sir, was is your full name?

THE DEFENDANT:  Emanuel Sharad Richardson.

THE COURT:  How are you?

THE DEFENDANT:  46 years old.

THE COURT:  How far did you get in school?

THE DEFENDANT:  I have a bachelors degree in business

J1MAARICP                    Plea

marketing management.

THE COURT:  Are you able to read and write in English?

THE DEFENDANT:  Yes.

THE COURT:  Sir, have you now or have you recently been under the care of a doctor or psychiatrist?

THE DEFENDANT:  No, sir.

THE COURT:  Have you ever been treated or hospitalized for any mental illness or for any type of addiction, including drug or alcohol addiction?

THE DEFENDANT:  No, your Honor, I have not.

THE COURT:  In the last 24 hours have you taken any drugs, medicine or pills or have you consumed any alcohol?

THE DEFENDANT:  No, sir.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Richardson, are you feeling well enough to proceed and to understand what is going on here today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Mordock has informed me that you wish to enter a plea of guilty.

Is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  Sir, have you had a full opportunity to discuss this case with your attorney including any possible

J1MAARICP                         Plea

defenses that you might have?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you had a full opportunity to discuss with him the consequence of entering a plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you satisfied with Mr. Mordock and his representation of you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Does either counsel have any doubt as to Mr. Richardson's competence to enter a guilty plea at this time?

MR. BOONE:  No, your Honor.

MR. MORDOCK:  No, your Honor.

THE COURT:  Very well, on the basis of Mr. Richardson's responses to my questions and my observations of his demeanor, I find that he is fully competent to enter an informed guilty plea at this time.

The next series of questions that we need to go over involve the rights that you are giving up including the constitutional rights that you are giving up by pleading guilty.  Please listen carefully.

First you have a right to be represented by an attorney at trial and at every other stage of the proceeding. If you could not afford an attorney, an attorney would be appointed to represent you without costs to you.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  You have a right to a speedy and public trial by a jury on the charges against you which are contained in the indictment.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  At trial you would be presumed innocent and the government would be required to prove you guilty by competent evidence beyond a reasonable doubt before you could be found guilty.  You would not have to prove that you were innocent at trial.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a jury trial, the jury would be composed of 12 people selected from this district and all 12 would have to agree unanimously that you were guilty before you could be found guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial you would have a right to see and hear all of the witnesses against you and your attorney could cross-examine them.  Your attorney could object to the government's evidence and offer evidence on your behalf.  You would also have the right to have subpoenas issued to compel

witnesses to come to court to testify in your defense.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial you would have the right to testify if you wanted to but no one could force you to testify. And if you chose not to testify, I would tell the jury that it could not hold that against you.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you were convicted at trial, you would have the right to appeal that verdict.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you also understand that by entering a plea of guilty here today you are giving up all of the rights that I have just described, except for your right to counsel and you would be found guilty based solely on your plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you understand that you could change your mind right now for any reason and decide that you did not want to enter a plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Richardson, have you received a copy of the indictment?

J1MAARICP                    Plea

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you read the indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed the indictment with your attorney?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you are charged in Count One of that indictment with conspiracy to commit bribery by agreeing to receive bribe payments in exchange for directing University of Arizona basketball players to retain certain financial advisers and business managers in violation of Title 18 of U.S.C. Section 371?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Boone, what are the elements of that offense?

MR. BOONE:  Your Honor, in order to prove this charge the government must first prove four elements.

First, that two or more persons entered an unlawful agreement to commit federal funds bribery in violation of Title 18 U.S.C. 666 (a)(1)(b).

Second, that the defendant knowingly and willfully became a member of the conspiracy.

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment.

J1MAARICP                    Plea

Fourth, that the overt act was committed to further some objective of the conspiracy.

Further, in order to prove the defendant guilty of bribery relating to an organization that receives federal funds, the government must prove five elements.

First, that at the time alleged in the indictment the defendant was an agent of an organization.

Second, that in a one-year period the organization received federal benefits in excess of $10,000.

Third, that the defendant accepted or agreed to accept or solicited or demanded something of value from another person.

Fourth, that the defendant acted corruptly with the intent to be influenced or rewarded with respect to the transaction of the organization.

Fifth, that the value of the transactions to which the payment related was at least five thousand dollars.

THE COURT:  Thank you, Mr. Boone.

Mr. Richardson, did you hear what the prosecutor said?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you understand that if you did not plead guilty to Count One, the government would be required to prove each and every element of that charge beyond a reasonable doubt at trial?

THE DEFENDANT:  Yes, your Honor.

J1MAARICP                    Plea

THE COURT:  Mr. Richardson, have you discussed with Mr. Mordock the possible punishment that you would face if you were to plead guilty to Count One?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that Title 18 of U.S.C. Section 371 carries a maximum term of imprisonment of five years?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand there's a maximum term of supervised release that I could impose of three years?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And that in addition there are financial penalties including a $100 special assessment that I must impose and a fine that I could impose that could be the higher of either $250,000 or twice the gross gain from the offense or twice the gross loss to victims of the offense.

Do you understand that?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Now, I'll use the term "supervised release".  Do you understand that if I were to sentence you to prison on this charge "supervised release" means that you will be subject to monitoring and supervision when you are released for prison?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And that there are terms and conditions of

J1MAARICP                        Plea

supervised release with which you must comply, and if you do not comply with them you could be returned to prison without a jury trial.

Do you understand it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that if you violate the terms or conditions of supervised release and are returned to prison that new prison term could cover part or all of the terms of supervised release and that you will not receive any credit for time previously served in prison on your sentence; do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you also understand that as part of your sentence I can also order you to pay restitution to any person injured as a result of your conduct; do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Richardson, do you further understand that if I accept your guilty plea and find you guilty, that termination may deprive you of certain valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury, the right to possess any kind of firearm and the right to hold certain professional licenses?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Richardson, are you a United States citizen?

J1MAARICP                    Plea

THE DEFENDANT:  Yes, I am.

THE COURT:  Now the next series of questions that we need to go over involve the sentencing guidelines.  So let me begin by asking you, do you understand that there are sentencing guidelines that I must consider in determining the appropriate sentence in your case?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Have you spoken with Mr. Mordock about how the guidelines apply to your case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you understand that I have to calculate a guideline range and then I have to consider that range in determining what your sentence will be?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Sir, do you also understand that I will not be able to make that calculation until after a presentence report has been completed by the U.S. Probation Office and both you and your attorney and the government have had a chance to review a draft of that report?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Do you further understand that even after I calculate the guidelines range, I have the ability to impose a sentence that can be either higher or lower than what the guidelines recommend; do you understand?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Sir, do you also understand that in addition to the guidelines I also have to refer to a statute known as Title 18 U.S.C. Section 3553(a) which sets forth a number of factors including about you and your history and about the offense that you are charged with.  And I have to determine or I have to consider those factors in determining an appropriate sentence in your case.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So even after I calculate the guideline range I must also consider these other factors and again, might settle on a sentence that is either higher or lower than what the guidelines recommend.

Do you understand that?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Mr. Richardson, do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, their estimate or prediction could be wrong?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Sir, while it is perfectly appropriate for you and Mr. Mordock to have discussed how the sentence will be calculated, no one can give you any assurance of what your sentence will be.

Do you understand that?

J1MAARICP                    Plea

THE DEFENDANT:  Yes, sir your Honor.

THE COURT:  Mr. Richardson, I say all of this because you need to understand today that if your sentence is different from what your attorney or anyone else told you it might be, or if it is different from what you expect or even if it is different for what is contained in your agreement with the government, you will still be bound by your guilty plea and you will not be allowed to withdraw your guilty plea.

Do you understand?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Mr. Richardson, do you understand that if you were sentenced to prison there is no parole in the federal system and you will not be released early on parole; do you understand that?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  OK.  Now the next series of questions that we need to go over involve your agreement with the government. I have been provided with a letter.  It's dated January 22, 2019, todays date.  It is a six-page letter.  And there are a series of signatures on page six including one that purports to be yours.  I am going to hold this up.  Can you see that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Is that your signature on this page?

THE DEFENDANT:  Yes, sir.

THE COURT:  This document will be marked Court Exhibit

J1MAARICP                    Plea

Number One.

THE COURT:  Mr. Richardson, did you read that agreement before you signed it?

THE DEFENDANT:  Yes, sir, I did.

THE COURT:  Did you discuss it with Mr.  Mordock before you signed it?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Did you fully understand the agreement before you signed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Does this agreement include your understanding of the entire agreement between you and the government?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Mr. Richardson, is there any other agreement or any other promise about your plea or your sentence that is not contained in this agreement?

THE DEFENDANT:  No, sir, your Honor.

THE COURT:  Mr. Richardson, did anyone threaten or force you to enter into this plea agreement?

THE DEFENDANT:  No, sir, your Honor.

THE COURT:  Other than what is in the plea agreement, has anyone promised you anything or offered you anything either to plead or to enter into the agreement?

THE DEFENDANT:  No, sir, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

THE COURT:  Has anyone made a promise to you, sir, as it what your sentence will be?

THE DEFENDANT:  No, sir, your Honor.

THE COURT:  Mr. Richardson, there is a stipulation in the agreement concerning the sentencing guidelines.

Sir, do you understand that that stipulation binds you and it binds the government but it does not bind me and I am still going to make my own determination as to what the appropriate guidelines range is?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Sir, do you understand that under certain circumstances both you and the government have the ability to appeal any sentence that I might impose.  However, because of the plea waiver in the agreement you're essentially giving up your right to appeal any sentence that I impose that is within or below the stipulated guidelines range.

Do you understand that?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Mr. Boone, would the government please summarize what it would expect to prove if this case were to proceed to trial.

MR. BOONE:  Yes, your Honor.

if this case were to proceed, the government would prove beyond a reasonable doubt the defendant's guilt as to Count One.  It would do so by using various evidence,

documentary evidence, testimonial evidence and recordings.

In regard to documents, the government would likely seek to introduce a contract confirming that the defendant was in fact a coach at the University of Arizona.  And that contract would detail how his conduct, sort of the terms of his conduct in terms of him needing to follow NCAA rules.  We'd also my seek to introduce documents in which he is certifying that he has followed rules.

In terms of recordings, as the Court's aware, there were many recordings made in this case.  Just to give a sample of what some of those recording contain, there are recordings in which the defendant and undercover law enforcement officers are discussing the scheme.  In those recordings the defendant is expressing understanding that he will be receiving money in exchange for directing Arizona players to choose certain advisers, some of whom are co-defendants of the scheme.

We also have testimonial evidence that will show that the defendant in fact did receive money.  In this case he received $20,000, five thousand of which was received in a meeting that was recorded by the FBI in New York City.  Fifteen thousand dollars was received in a meeting that was recorded by the FBI in New Jersey.

The government will also have testimonial evidence that will be supported by recordings that also show that on at least one occasion the defendant facilitated a meeting between

the handler of the player and the defendants in the scheme for the purpose of encouraging that handler to get the player to choose to retain the services of the co-defendants and some of the undercover law enforcement officers.

THE COURT:  Thank you.

Mr. Richardson, did you hear what the prosecutor said?

THE DEFENDANT:  Yes, your Honor, I did.

THE COURT:  Sir, have you clearly understood everything that has happened here today so far?

THE DEFENDANT:  Yes, sir, your Honor, I have.

THE COURT:  Mr. Richardson, will you please now tell me in your own words what it was that you did that makes you guilty of the crime to which you are pleading guilty.

THE DEFENDANT:  Your Honor, from or on about March 1, 2017 through September 2017, while an assistant coach at the University of Arizona, I met with Christian Dawkins, an undercover FBI agent for the purposes of directing college and high school athletes to Dawkins Sports Management agency. Dawkins expected to make at least five thousand dollars to this end.  I arranged meetings, co-conspirators and players and family.  I committed federal funds bribery, an offense against the United States of America.  I knew this conduct was wrong.

THE COURT:  Is there a proffer -- Actually, strike that.

Mr. Richardson, when you did those things, did you

know that what you were doing was wrong and against the law?

THE DEFENDANT:  I'm sorry.  I didn't hear you.

THE COURT:  When you committed those acts, did you know what you were doing was wrong and against the law?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, did anyone threaten you or coerce you do to those things?

THE DEFENDANT:  No, your Honor.

THE COURT:  Does either counsel wish me to make any further inquiries?

MR. BOONE:  Your Honor, just one follow-up.  If we could have defendant confirm that some of the acts in furtherance of the conspiracy took place in New York.  As I mentioned earlier, at least one meeting the defendant attended occurred in New York City.  And the government will just make a proffer to the Court that the University of Arizona receives ten thousand dollars or more in a year from federal funding.

THE COURT:  Mr. Richardson, did you have a meeting here in New York City in connection with this offense?

THE DEFENDANT:  Yes, your Honor, I did.

THE COURT:  Anything further, Mr. Boone?

MR. BOONE:  No, your Honor.

THE COURT:  Mr. Boone, do you believe that there is an adequate factual basis to support the plea of guilty?

MR. BOONE:  Yes, your Honor.

J1MAARICP                         Plea

THE COURT:  Mr. Mordock, did you wish me to make any further inquiries?

MR. MORDOCK:  I do not, your Honor.

THE COURT:  Mr. Mordock, do you know of any reason why Mr. Richardson should not be permitted to plead guilty?

MR. MORDOCK:  I do not.

THE COURT:  Do you believe that there is an adequate factual basis to support this plea of guilty?

MR. MORDOCK:  I do, your Honor.

THE COURT:  Mr. Richardson, how do you now plead to the charge of Count One of the indictment; guilty or not guilty?

MR. MORDOCK:  Guilty, your Honor.

THE COURT:  Are you in fact guilty of that charge?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you pleading guilty voluntarily and of your own free will?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  I've also been provided with a Consent Preliminary Order of Forfeiture/Money Judgment.  It's also executed with today's date by Mr. Boone, Mr. Richardson and by Mr. Mordock.  I will go ahead and 'so order' this with today's date.

Mr. Richardson, because you acknowledge that you are in fact guilty as charged in Count One of the indictment,

J1MAARICP                    Plea

because I find that you know your rights and are waiving them knowingly and voluntarily with an understanding of the consequences of your plea, including the potential sentences that may be imposed, I accept your guilty plea and find you guilty on the charge in Count One.

I will now direct that a presentence investigation report be conducted by the probation office and that a presentence report be prepared.

Mr. Richardson, you will be interviewed by the probation office as part of that process.  You can and should have your lawyer with you during that interview.  It's also possible that members of your family may be interviewed as well.  The presentence report is an important part of my decision as to what your sentence will be.  And Mr. Mordock will have an opportunity to examine a draft of the report.  You should read it very carefully and if you see any discrepancies, please bring them to my attention through your attorney.  You and Mr. Mordock will also have the right to speak on your behalf before I impose sentence.

Do we have a date for sentence?

COURTROOM DEPUTY:  Yes.  Wednesday, April 24 at 3:30 p.m.

THE COURT:  Does everyone have that date?

MR. MORDOCK:  We do, your Honor.

THE COURT:  Is there anything else that we need to do

J1MAARICP                    Plea

today, Mr. Boone?

MR. BOONE:  No, your Honor.

THE COURT:  Mr. Mordock?

MR. MORDOCK:  Your Honor, thank you.

THE COURT:  In that event, we are adjourned.  Here are your originals.

(Adjourned)